# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3750

_____

| | | |
|---|---|---|
| Kofi Nyameke, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Curators of the University of Missouri- | * | |
| Rolla; John T. Park, Individually and as | * | [UNPUBLISHED] |
| Chancellor University of Missouri | * | |
| Rolla, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 7, 2000
Filed: July 18, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Kofi Nyameke,[1] who is from Ghana, was previously an associate professor in the University of Missouri at Rolla's (UMR's) Department of Engineering Management (Department). Nyameke requested tenure and promotion to full professor. His requests were considered three times at the Department level; the first two votes were

_____

[1]We note plaintiff's surname is spelled Nyamekye in the district court documents.

negative, and the third vote was ten for and eight against tenure (but strongly against promotion).  At the School of Engineering level, three votes were taken and all were negative, so Nyameke's requests were denied.  The tenure denial was upheld by Chancellor John T. Park, who later declined to adopt an academic grievance panel's recommendation to grant Nyameke tenure.  Nyameke then filed the instant action under Title VII and 42 U.S.C. §§ 1981 and 1983, claiming UMR and Park denied him tenure and terminated him based on his race and national origin, and retaliated against him for filing an Equal Opportunity Employment Commission discrimination charge and an academic grievance.  Nyameke now appeals the district court's[2] adverse grant of summary judgment.  After a careful review of the record and the parties' briefs, we affirm.  See Kobrin v. University of Minn., 121 F.3d 408, 414 (8th Cir. 1997) (noting "high degree of deference" should be accorded university decision-making body's judgment as to tenure candidate's qualifications), cert. denied, 522 U.S. 1113 (1998); Hardin v. Hussman Corp., 45 F.3d 262, 264 (8th Cir. 1995) (standard of review).

We agree with the district court that Nyameke failed to produce evidence showing UMR's proffered reasons for denying tenure--poor teaching performance and lack of Departmental support--were a pretext for race and ethnic discrimination.  In particular, Nyameke's contention that UMR relied solely on biased student ratings in evaluating his teaching fails, as the record shows the decision-makers also relied on other factors:  negative comments in student letters, and the faculty's belief that Nyameke should be performing at a higher level after multiple years of teaching.  Moreover, the record lacks evidence that the students' ratings were racially or ethnically biased, the grievance panel concluded he had failed to establish discrimination, and he only speculated that a white faculty member had been treated more favorably.  See Kneibert v. Thomson Newspapers, Mich. Inc., 129 F.3d 444, 455

[2]The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(8th Cir. 1997) (party opposing summary judgment must provide sufficient probative evidence which would permit court to rule in its favor rather than engaging in conjecture and speculation). Finally, the record evidences a lack of Departmental support, as it was not until the third Department vote and after Nyameke's lobbying efforts that tenure was recommended by a narrow margin and the Department Chair stepped forward in his support. See Brousard-Norcross v. Augustana College Ass'n, 935 F.2d 974, 976 n.3 (8th Cir. 1991) (peer judgments as to departmental needs, collegial relationships, and individual merit may not be discounted without evidence that they are facade for discrimination).

We also conclude that the district court correctly granted summary judgment on the retaliation claim. Even assuming Park's alleged statement--that he would "retaliate" against Nyameke for persisting with the grievance process by rejecting any favorable panel recommendations--constitutes direct evidence of retaliation, we find the record shows Park would have rejected the panel's recommendation regardless of any desire to retaliate. See Kneibert, 129 F.3d at 451 (when employee presents direct evidence of employment discrimination, employer may avoid liability by proving it would have made same decision even if it had not taken illegitimate criterion into account). Park had already reviewed and affirmed the tenure-denial decision, and the grievance panel did not conclude Nyameke had established either of the grounds upon which he based his academic grievance.

Because the Title VII claims against UMR fail, we conclude the related section 1981 and 1983 claims against Park also fail. Cf. Duffy V. Wolle, 123 F.3d 1026, 1036-37 (8th Cir. 1997) (applying Title VII analysis to § 1983 gender-discrimination action), cert. denied, 523 U.S. 1137 (1998); Roxas v. Presentation College, 90 F.3d 310, 315 (8th Cir. 1996) (applying Title VII analysis to § 1981 age-discrimination action).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.